**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IGMA E. CORTES CORTEZ,

      Petitioner,

v.                                                             Case No. 3:26-cv-544-WWB-MCR

FIELD OFFICE DIRECTOR,
U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Respondent.

_____

## <u>ORDER</u>

THIS CAUSE is before the Court on Petitioner's Second Amended Emergency Motion for Temporary Restraining Order (Doc. 13).  The Motion is substantially the same as the prior one (Doc. 11), but counsel added sections to address the technical deficiencies that resulted in the prior motion being denied without prejudice.  (*See* Doc. 12).  As before, Petitioner asks that the Court enter an order prohibiting Respondent "from transferring Petitioner outside the State of Florida," or, alternatively, if he has already been transferred, ordering Respondent "to immediately return [him] to the State of Florida, and to a facility that permits his meaningful access to counsel and appearance at his custody redetermination hearing."  (Doc. 13 at 3).  Petitioner also asks that the Court direct Respondent to disclose Petitioner's current location to his counsel—despite that the Court already so ordered, (*see* Doc. 12)—and "maintain Petitioner in a manner that permits his appearance at any continued or rescheduled custody redetermination hearing."  (Doc. 13 at 3).

Petitioner's counsel contends that Petitioner's partner did not hear from him on May 13, 2026, the day before his scheduled bond hearing, and he no longer appears in ICE's online detainee locator system.[1]  (*Id.* at 2).  Counsel does not expressly indicate whether Petitioner appeared for the scheduled bond hearing on May 14, 2026, which was to be held virtually "through the Orlando Immigration Court Webex hearing link," but implies he did not, contending "the scheduled custody redetermination was disrupted, delayed, and nullified."  (*See id.*).  Counsel further asserts that Petitioner's transfer interferes with attorney-client communication and frustrates this Court's jurisdiction over this matter.  (*Id.*).

Injunctive relief "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).  To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).  With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'"  *Siegel*, 234 F.3d at 1176.  Even accepting that Petitioner demonstrates a substantial likelihood of success on the merits

---

[1] Notably, the ICE locator now indicates Petitioner is in ICE custody in Georgia at Folkston Main IPC.  *See* Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited May 15, 2026).  Additionally, Respondent filed a notice on May 15, 2026, disclosing Petitioner's location.  (*See* Doc. 14).

of his underlying claim—that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act—he does not demonstrate irreparable injury would result if relief were not granted.  Indeed, the "Argument" section counsel added to the Second Amended Motion provides no explanation why Petitioner's physical transfer would prevent his remote appearance at a hearing, and she cites no authority "establish[ing] . . . the irreparable nature of the threatened injury . . . . [and] the harm that might result absent a restraining order."  *See* M.D. Fla. R. 6.01(b).  Conclusory and speculative assertions are insufficient.

Moreover, this Court retains jurisdiction to address the merits of the Petition even though Petitioner was transferred to a detention facility outside the State of Florida.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after []he properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g., Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

For these reasons, the Court will deny Petitioner's Motion.  However, given Petitioner's unexpected transfer, and in light of the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden*, --- F. 4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir.

3

May 6, 2026), the Court will direct Respondent to respond to the Petition in a shorter timeframe than that set in the Court's May 6, 2026 Order (Doc. 7).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Second Amended Emergency Motion for Temporary Restraining Order (Doc. 13) is **DENIED**.

2. Within **five** business days, Respondent shall respond to the Petition (Doc. 1) and show cause why the Petition should not be granted.

3. After Respondent files a response, Petitioner shall have **three** business days to file a reply.

**DONE AND ORDERED** in Jacksonville, Florida, on May 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c:    Counsel of Record

4