**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IGMA E CORTES CORTEZ,

        *Petitioner*,

v.                                                     Case No. 3:26-cv-544-WWB-MCR

FIELD OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        *Respondent.*
_____

## <u>ORDER</u>

Through counsel, Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that Immigration and Customs Enforcement's ("**ICE**") mandatory detention of him without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) is unlawful, in part because it violates the Immigration and Nationality Act ("**INA**"). (*See* Doc. 1 at 4–7). Petitioner seeks an order requiring Respondents to release him. (*Id.* at 8). Petitioner has also filed a Third Amended Emergency Motion for Temporary Restraining Order and Motion for Immediate Release ("**Motion for TRO**") asserting that after filing this action, Petitioner was transferred to Folkston Main IPC in Georgia.[1] (Doc. 17 at 2). According to Petitioner, on May 26, 2026, an Orlando Immigration Court issued an order stating that any bond or custody redetermination request was:

_____

[1] At the time Petitioner filed this action, he was detained at Baker Correctional Institution in Sanderson, Florida. (Doc. 1 at 2).

Withdrawn, because the alien is not currently detained at this detention facility. *See* 8 C.F.R. § 1003.19(c)(1). The respondent's request shall be filed with the Immigration Court having jurisdiction over the place of the respondent's detention.

(*Id.* at 2).  As such, Petitioner contends that his transfer has hindered his ability to obtain a bond hearing and asks that the Court either order Petitioner's immediate release or require ICE to return Petitioner to the state of Florida to facilitate a meaningful bond hearing.  (*Id.* at 1).

Respondents concede that the Eleventh Circuit Court of Appeals' recent decision "controls," and Petitioner is entitled to a bond hearing.  (*See* Doc. 18 at 1–2 (citing *Hernandez Alvarez v. Warden*, --- F. 4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))).  As to Petitioner's Motion for a TRO, Respondents argue that Petitioner "need only file the bond redetermination request with the immigration court governing Folkston where [] Petitioner is now detained and there should be no barrier to receiving a bond redetermination hearing."  (*Id.* at 2).

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 2026 WL 1243395, at *13–14.  Respondents concede that Petitioner falls into the latter category of aliens and is entitled to a bond hearing.  (*See* Doc. 18 at 2–3).  As such, considering the opinion in *Hernandez Alvarez* and Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C.

2

§ 1225(b)(2)(A) violates the INA.[2]  As to Petitioner's Motion for TRO, ICE shall coordinate with Petitioner's counsel and his current detention facility to facilitate and accomplish this ordered bond hearing.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[3]  Within **seven days** of the date of this Order, Respondents shall either afford, by video, teleconference, or otherwise, Petitioner an

---

[2] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A).  *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit.  *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent.  The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.   If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Petitioner's Third Amended Emergency Motion for Temporary Restraining Order and Motion for immediate Release (Doc. 17) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 29, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:      Counsel of Record

4